## CARPENTER *v.* WILLIAMS.

1. A question of Federal jurisdiction under the twenty-fifth section of the Judiciary Act is not necessarily raised by every suit for real estate in which the parties claiming under the Federal government are at issue as to which of them is entitled to the benefit of that title.

2. And when the issue turns solely upon the personal identity of the individual to whom the recorder of land titles confirmed, or meant to confirm, a lot of ground—as *ex. gr.*, whether when he confirmed the land in the name of *Louis* Lacroix he meant *Louis* Lacroix, or whether he really meant *Joseph* Lacroix—a matter to be determined by the rules of common law—this court has no jurisdiction, even though the parties claimed under the Federal government.

ERROR to the Supreme Court of Missouri.

Williams filed a petition, afterwards amended, in the St. Louis Land Court, against Carpenter, to determine the title to a lot of ground, once belonging to the common field lots of St. Louis.

The amended petition stated in substance that the land in dispute was proved (confirmed) in the name of *Louis* Lacroix, when in fact *Joseph* Lacroix was the person intended; that the recorder of land titles at St. Louis took proof of *Joseph's* right, and made a mistake in the name of the claimant, or by accident wrote *Louis* instead of *Joseph.* The object of the suit as amended was to reform this confirmation, correct this supposed mistake, and obtain a decree in favor of the persons claiming under *Joseph* Lacroix for the title which the defendant, Carpenter, had procured from the heirs of Louis Lacroix. The St. Louis Land Court gave judgment in favor of the plaintiff; and the Supreme Court of Missouri having affirmed the judgment, the other side brought the case here.

*Mr. Britton Hill moved to dismiss the case for want of jurisdiction*, assuming, as the defendant claimed under the government of the United States, and as his title had been decided against, that the case came within the twenty-fifth section of the Judiciary Act.

*Messrs. Glover and Shepley opposed the motion.*

Mr. Justice MILLER delivered the opinion of the court.

We are of opinion that the record presents no case for the jurisdiction of this court. The case turns solely on the personal identity of the individual to whom the recorder confirmed, or intended to confirm, the lot in question. It involves the construction of no act of Congress. The decision of the court below denies the validity of no act under the authority of the United States. It recognizes to its fullest extent the title confirmed by the act of Congress and the act of confirmation, and only determines to whom that confirmation was made.

It is a mistake to suppose that every suit for real estate, in which the parties claiming under the Federal government are at issue as to which of them is entitled to the benefit of that title, necessarily raises a question of Federal cognizance.

If this were so, the title to all the vast domain, once vested in the United States, could be brought from the State courts to this tribunal.

In the case before us, the rules which must determine the question at issue are common law rules, and the result cannot be varied by the application of any principle of Federal law or Federal authority.*

WRIT DISMISSED.

---

* Ryan *v.* Thomas, 4 Wallace, 604.